**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JEAN LOUI VARGAS-MALAVE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-CV-580-O** |
| | § | |
| **ERIC WILSON, Warden,** | § | |
| **FMC-Fort Worth,** | § | |
| **Respondent.** | § | |

**OPINION AND ORDER**

Before the Court is a handwritten petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 filed by petitioner, Jean Loui Vargas-Malave, a federal prisoner confined at FMC-Fort Worth.

Pet. 1-10, ECF No. 1. After considering the pleading and relief sought by Petitioner, the Court

concludes that the petition should be summarily dismissed for lack of subject matter jurisdiction.

**I.      BACKGROUND**

On February 3, 2020, Petitioner was found guilty of conspiracy to possess with intent to

distribute a scheduled II controlled substance, in the United States District Court for the Northern

District of Texas, Dallas division. *See*  J., *United States v. Vargas-Malave*, No. 3:18-cr-235-S(2),

ECF No. 385. Petitioner was sentenced to a term of 120 months' imprisonment. *Id*. at 2. His

projected release date with good time credit is currently August 3, 2028. *See* U.S. Department of

Justice, Federal Bureau of Prisons/Inmate Locator, http://www.bop. gov (last visited June 9,  2020).

By way of this petition, Vargas-Malave complains of the conditions of his confinement at FMC-Fort

Worth in light of the COVID-19 pandemic. Pet. 1-10, ECF No. 1. Vargas-Malave seeks both (1)

compassionate release under 18 U.S.C. § 3582(c)(1)(A), and (2) release to home confinement for

the duration of his sentence.  Pet. 1-2, ECF No. 1. He also alleges  the conditions of his confinement

arise to cruel and unusual punishment under the Eighth Amendment. *Id*. at 2.

## II.   ANALYSIS

Title 28, United State Code, § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[1] Therefore, no service has issued upon Respondent.

As to Vargas-Malave's constitutional challenge to the conditions of his confinement, in the Fifth Circuit, habeas relief is not available to review questions unrelated to the fact or duration of a prisoner's detention. *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Where a prisoner challenges the conditions of his confinement or prison procedures, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in his accelerated release. *Carson v. Johnson,* 112 F.3d 818, 820-21 (5th Cir. 1997). Thus, to the extent Vargas-Malave seeks to raise constitutional challenges to the conditions of his confinement, he must file a civil suit.

Additionally, Vargas-Malave seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has found that a district court, other than the sentencing court, lacks jurisdiction to consider a § 3582(c) motion. *See Landazuri v. Hall*, 423 F. App'x 475, 2011 WL 1659572, at *1 (5th Cir. April 28, 2011) ("Because Landazuri did not file this [3582(c)] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

to consider it"); *see also Clark v. Upton*, No. 4:19-cv-064-A (N.D. Tex. Feb. 22, 2019) ("Inasmuch as the court is to consider the factors set forth in 18 U.S.C. § 3552(a) in making a determination of the kind Clark seeks [compassionate release under § 3582(c)(1)(A)], the court finds that the sentencing court would be more appropriately suited to make the decision on Clark's motion."). Thus, to the extent Vargas-Malave has incorporated a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), such motion will be dismissed without prejudice for lack of jurisdiction.[2]

Furthermore, with regard to Vargas-Malave's alternative request to be released to home confinement, it is well settled that there is no constitutionally protected right to be confined in any particular place, including in-home confinement. *See Burg v. Nicklin*, No. EP-19-cv-24-FM, 2019 WL 369153, at *3-4 (W.D. Tex. Jan. 29, 2019); *Zerby v. Keffer*, No. 4:10-cv-197, 2010 WL 3835235, at *2 (N.D. Tex. Sept. 1, 2010), *R. & R. adopted*, 2010 WL 3835148 (N.D. Sept. 29, 2010). Absent a court's modification to a sentence under § 3582(c), the discretion to release a prisoner to home confinement lies solely with the attorney general and the Bureau of Prisons (BOP) by delegation. *See United States v. Sneed*, 63 F.3d 381, 389 n. 6 (5th Cir. 1995) (declining to consider a defendant's request for home confinement "because such requests are properly directed to the" BOP) (citing 18 U.S.C. § 3624(c), which provides that the BOP has authority to "place a prisoner in home confinement"). This Court has no authority to compel the BOP to do so.

This is true even under the provisions of the recently enacted Coronavirus Aid, Relief, and Economic Security (or "CARES") Act, Pub. L. No. 116-136, enacted on March 27, 2020, and the memoranda of the attorney general to the BOP director, dated March 26 and April 3, 2020, as they

---

[2]Review of the docket of Vargas-Malave's underlying criminal case number 3:18-CR-235-S, shows that he recently filed a motion for compassionate release and the government was ordered to file a response. *United States v. Vargas-Malave*, No. 3:18-cr-235-S, ECF Nos. 400, 401. The Court takes judicial notice of the records of the Dallas division of this the Northern District of Texas. *See* Fed R. Evid. 201(b)(2) and (c)(1).

do not provide the courts statutory authority to modify a defendant's place of incarceration. As another judge of this district recently concluded, "the CARES Act and the memorandums issued by the attorney general both instruct and expand the authority of the director of the BOP, not courts, to release 'the most vu[l]nerable inmates at the most affected facilities.'" *See United States v. Stigger*, No. 3:12-CR-054-L, Crim. Doc. 1129 at 3-4 (N.D. Tex. Apr. 13, 2020)(Lindsay, J.) (denying post-conviction motion for home confinement due to COVID-19 and finding that the BOP is in the best position to determine: (1) whether Defendant qualifies as one of the most vulnerable inmates based on [the inmate's] current health; and (2) whether the facility where [the inmate] is currently confined is one of the "most affected facilities"). Other courts have recognized that, as the decision to release to home confinement is reserved to the BOP, a district court has no jurisdiction to order home confinement under the CARES Act. *See United States v. Gentry*, Crim. No. 5:03-50033-05, 2020 WL 2131001, at *5 (W.D. La. May 5, 2020) (citing *United States v. Read-Forbes*, Crim. No. 12-20099, 2020 WL 1888856, at * 5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVD-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.")(other citations omitted)).

## III.    CONCLUSION

For the reasons discussed, petitioner Jean Loui Vargas-Malave's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED** this **9th day** of **June, 2020.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**